Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/04/2019 08:06 AM CST

EULALIA MIGUEL FRANCISCO, APPELLANT, V.
SERGIO REMIGO DE LEON GONZALEZ, APPELLEE.

___ N.W.2d ___

Filed January 4, 2019.    No. S-18-329.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Jurisdiction: Service of Process: Waiver.** Proper service, or a waiver
   by voluntary appearance, is necessary to acquire personal jurisdiction
   over a defendant.
3. **Jurisdiction: Service of Process.** Where a party serves by publication
   but fails to comply with Neb. Rev. Stat. § 25-520.01 (Reissue 2016), the
   district court lacks personal jurisdiction over the defendant.
4. **Judgments: Jurisdiction.** A judgment entered without personal juris-
   diction is void.
5. **Judgments: Final Orders: Jurisdiction: Appeal and Error.** A void
   order is a nullity which cannot constitute a judgment or final order that
   confers appellate jurisdiction on this court.
6. **Judgments: Jurisdiction: Appeal and Error.** An appellate court has
   the power to determine whether it lacks jurisdiction over an appeal
   because the lower court lacked jurisdiction to enter the order; to vacate
   a void order; and, if necessary, to remand the cause with appropri-
   ate directions.

Appeal from the District Court for Douglas County: W.
RUSSELL BOWIE III, Judge. Vacated and dismissed.

David V. Chipman, of Monzón Guerra & Associates, and
Dorian E. Rojas, of Immigrant Legal Center, an affiliate of the
Justice for Our Neighbors Network, for appellant.

No appearance for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

A Nebraska statute, Neb. Rev. Stat. § 25-520.01 (Reissue 2016), requires a party providing service by publication to mail a copy of the published notice to those individuals having an interest in the action whose name and post office address are known. The same statute requires the party serving by publication to file an affidavit stating that the party and his or her attorney, "after diligent investigation and inquiry," were unable to ascertain and do not know the address of any parties having an interest who were not mailed a copy of the published notice. In this case, Eulalia Miguel Francisco (Eulalia) sought paternity and custody determinations concerning two children. The district court made such determinations concerning one child, but declined to do so with respect to the other child, because it found that Eulalia failed to comply with § 25-520.01. On appeal, we find that Eulalia did not comply with § 25-520.01 and that thus, the district court lacked jurisdiction to enter any of the relief sought. As a result, we vacate the district court's orders and dismiss the appeal.

BACKGROUND

Eulalia brought this action against Sergio Remigio De Leon Gonzalez (Sergio). In Eulalia's complaint, she alleged that Sergio was the father of both of her children: Christopher Darinel De Leon Miguel, born in 2010, and Yamileth Lizbeth De Leon Miguel, born in 2016. She asked that Sergio be declared the father of the children and that she be awarded sole physical and legal custody.

She also asked that the court make certain specific findings. She asked that the court find that reunification with Sergio was not viable due to abandonment and neglect and that it was not in the children's best interests to return to Guatemala. Eulalia moved from Guatemala to Omaha, Nebraska, while pregnant with Yamileth. The specific findings Eulalia requested would

have allowed for an application for special immigrant juvenile status under federal law. See *In re Guardianship of Carlos D.*, 300 Neb. 646, 915 N.W.2d 581 (2018).

Eulalia filed a motion requesting that she be allowed to serve Sergio by publication. In support of the motion, Eulalia submitted an affidavit which stated that she had not had contact with Sergio in nearly 2 years, that she did not know of any friends or family that knew Sergio's whereabouts, and that she knew of no other way to locate him. The district court granted the motion for service by publication, and thereafter, notice was published in The Daily Record of Omaha, a legal newspaper in Douglas County.

After a hearing on the matter at which Eulalia appeared with counsel and testified and Sergio did not appear and was not represented, the district court entered an order declaring Sergio to be the father of the children and awarding Eulalia sole physical and legal custody of the children. The district court declined to find that it was in the children's best interests to remain in the United States and not to return to Guatemala.

Desiring the specific findings the district court declined to make, Eulalia filed a timely motion to alter or amend. But, after another hearing, the district court again declined to make the requested findings. Additionally, the district court found that its earlier order establishing paternity and awarding Eulalia custody of Christopher should be vacated under Neb. Rev. Stat. § 43-1411 (Reissue 2016), because the proceeding to establish paternity was not filed within 4 years of Christopher's birth.

Eulalia then filed another motion to alter or amend, this time requesting that the district court declare Sergio to be the father of Christopher and award Eulalia custody of Christopher. It also again requested the specific finding that it was in the children's best interests to remain in the United States and not to return to Guatemala.

The district court denied Eulalia's second motion to alter or amend. In its written order, the court stated that while Eulalia

obtained leave to serve Sergio by publication, she did not comply with a Nebraska statute "by mailing a copy of the published notice to the defendant's last known place of residence, or filing an affidavit required by that statute." While the statute cited by the district court, Neb. Rev. Stat. § 25-512.01 (Reissue 2016), pertains to service on a partnership, the context suggests that the district court found that Eulalia failed to comply with § 25-520.01.

The district court determined that because Eulalia failed to constructively serve Sergio, it did not have personal jurisdiction over him. In addition, the district court stated that because Sergio was not provided with notice that was reasonably calculated to inform him of this action, any orders against him would not comport with procedural due process.

Eulalia filed a timely appeal.

## ASSIGNMENTS OF ERROR

Eulalia assigns the following errors by the district court: (1) finding that Eulalia did not properly serve Sergio, (2) finding that it lacked jurisdiction to establish paternity and award custody with respect to Christopher, and (3) failing to find that it was in the children's best interests to remain in the United States and not return to Guatemala.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *State on behalf of Marcelo K. & Rycki K. v. Ricky K.*, 300 Neb. 179, 912 N.W.2d 747 (2018).

## ANALYSIS

[2,3] The district court ultimately refused to grant Eulalia the relief she sought in her final motion to alter or amend because it found that Eulalia had not complied with the statutory requirements for service by publication set forth in § 25-520.01. Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a

defendant. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). Where a party serves by publication but fails to comply with § 25-520.01, the district court lacks personal jurisdiction over the defendant. See, *Farmers Co-op. Mercantile Co. v. Sidner*, 175 Neb. 94, 120 N.W.2d 537 (1963); *In re Adoption of Leslie P.*, 8 Neb. App. 954, 604 N.W.2d 853 (2000).

[4] A judgment entered without personal jurisdiction is void. *Johnson v. Johnson, supra*. Because the district court's power to order any of the substantive relief Eulalia contends it should have turns on whether service was proper, we begin our analysis there.

*Compliance With § 25-520.01.*

Service by publication, while constitutionally permitted in some circumstances, is a poor bet to provide actual notice to a party of an action that affects his or her rights. As the U.S. Supreme Court observed in *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 94 L. Ed. 865 (1950):

> Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed.

Based on the recognition that notice by publication is unlikely to provide actual notice, the Court held in *Mullane* that it was inconsistent with due process for known beneficiaries of a trust with a known place of residence to receive only notice by publication of an action affecting their rights.

Enacted within a decade of *Mullane*, § 25-520.01 requires a party providing notice by publication to also take steps beyond publication. Section 25-520.01 provides:

> In any action or proceeding of any kind or nature . . . where a notice by publication is given as authorized by law, a party instituting or maintaining the action or proceeding with respect to notice or his attorney shall

within five days after the first publication of notice send by United States mail a copy of such published notice to each and every party appearing to have a direct legal interest in such action or proceeding whose name and post office address are known to him. Proof by affidavit of the mailing of such notice shall be made by the party or his attorney and shall be filed with the officer with whom filings are required to be made in such action or proceeding within ten days after mailing of such notice. Such affidavit of mailing of notice shall further be required to state that such party and his attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address of any other party appearing to have a direct legal interest in such action or proceeding other than those to whom notice has been mailed in writing.

Eulalia does not dispute that for purposes of § 25-520.01, Sergio has a "direct legal interest" in this proceeding. Because Sergio has such an interest, § 25-520.01 required Eulalia to mail Sergio a copy of the published notice if his address was "known to [her]." This language has been interpreted to require that notice be sent to the "last known address" of persons with an interest in the proceeding. See *In re Adoption of Leslie P.*, 8 Neb. App. at 960, 604 N.W.2d at 858. At oral argument, Eulalia's counsel conceded that Eulalia would have known Sergio's address at the time she departed Guatemala. Eulalia did not, however, mail a copy of the published notice to Sergio's last known address.

Despite not sending notice to Sergio's last known address, Eulalia argues that the district court erred by concluding that she failed to comply with § 25-520.01. She contends that because she did not know Sergio's whereabouts at the time of publication, she was not required to mail a copy of the published notice. Section 25-520.01 contemplates that there may be situations in which the location of parties having an interest in a proceeding is not known. In such cases, however,

under § 25-520.01, the party relying on service by publication must file an affidavit stating that "such party and his attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address" of any parties having an interest who were not mailed a copy of the published notice.

Eulalia argues that she filed an affidavit that excuses her from not mailing a copy of the published notice to Sergio and satisfies § 25-520.01. The affidavit Eulalia points to is the affidavit she filed in support of her motion to serve by publication. As noted above, the affidavit stated only that she had not had contact with Sergio in nearly 2 years, that she did not know any friends or family who knew his whereabouts, and that she did not know of any other way to locate him. Even though § 25-520.01 seems to require the filing of a separate affidavit after publication, Eulalia argues that her affidavit filed beforehand contains the content required by § 25-520.01 and that she should thus not be required to file an additional affidavit after publication.

Even if we were to assume that an affidavit filed in support of a motion to serve by publication could satisfy § 25-520.01, we find that Eulalia's affidavit does not do so for a number of reasons. Section 25-520.01 requires that the affidavit state that both the party *and her attorney* were unable to ascertain the address after "diligent investigation and inquiry." Eulalia's affidavit makes no reference at all to Eulalia's attorney, let alone to diligent efforts her attorney conducted to attempt to locate Sergio.

Neither does the affidavit refer to any investigation or inquiry of Sergio's whereabouts undertaken by Eulalia. It simply states that she does not know where he is or how to locate him. Eulalia contends this is sufficient, apparently taking the position that there was nothing she could possibly do to locate Sergio. As noted above, however, Eulalia knew where Sergio lived prior to her departure from Guatemala. Because Eulalia's affidavit provides no indication that she or

her attorney attempted to determine whether Sergio still lived where Eulalia once knew him to live, we cannot say she demonstrated a reasonably diligent investigation and inquiry. See *In re Interest of A.W.*, 224 Neb. 764, 768, 401 N.W.2d 477, 480 (1987) ("a search which makes no effort to determine where the subject of the search was last known to be and which makes no effort to check whether the subject is still there cannot be considered reasonably diligent").

Compliance with § 25-520.01 would not have guaranteed that Sergio would receive actual notice of this proceeding. Sergio may no longer live at the same address. A diligent search to locate him may have proved fruitless. Even so, in § 25-520.01, the Legislature required that a person seeking to accomplish service by publication take measures in addition to publication in an attempt to provide actual notice. Because Eulalia failed to comply with § 25-520.01, her constructive service was improper and the district court lacked personal jurisdiction over Sergio.

*Proper Disposition of Appeal.*

While the district court denied Eulalia the relief she sought concerning Christopher because it determined it lacked personal jurisdiction over Sergio, it did not vacate its earlier order determining paternity and custody as to Yamileth. As Eulalia correctly points out, the district court could not have had personal jurisdiction over Sergio for purposes of one child and lack it for the other child. Eulalia is incorrect, however, to the extent that she suggests that this incongruence in the district court's orders allows us to ignore the lack of personal jurisdiction over Sergio and proceed to the merits of the relief Eulalia seeks.

[5,6] In fact, the lack of personal jurisdiction over Sergio requires just the opposite. As noted above, an order entered by a court without personal jurisdiction is void. *Johnson v. Johnson*, 282 Neb. 42, 803 N.W.2d 420 (2011). And a void order is a nullity which cannot constitute a judgment or final

order that confers appellate jurisdiction on this court. *In re Interest of Trey H.*, 281 Neb. 760, 798 N.W.2d 607 (2011). Even when appellate jurisdiction is lacking, however, an appellate court has the power to determine whether it lacks jurisdiction over an appeal because the lower court lacked jurisdiction to enter the order; to vacate a void order; and, if necessary, to remand the cause with appropriate directions. *Id.*

## CONCLUSION

In light of the foregoing, and because the orders of the district court that purported to determine paternity and award custody of Yamileth were made without personal jurisdiction and were thus void, Eulalia has not appealed from a final order or judgment. We therefore vacate the orders entered by the district court as to Yamileth and dismiss the appeal for lack of jurisdiction.

Vacated and dismissed.