Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
01/21/2020 09:05 AM CST

- 969 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

Maura Alonzo-Baltazar De Mateo, appellant,
v. Mateo N. Mateo-Cristobal, appellee.

___ N.W.2d ___

Filed January 14, 2020.    No. A-19-351.

1. **Statutes.** Statutory interpretation presents a question of law.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
3. ____: ____. An appellate court has a duty to determine whether it has jurisdiction over the matter before it irrespective of whether the issue of jurisdiction was raised or considered by the district court.
4. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
5. **Courts: Jurisdiction: Child Custody: Federal Acts.** Courts with jurisdiction over an "initial child custody determination" as that term is used in Neb. Rev. Stat. § 43-1238(a) (Cum. Supp. 2018) also have jurisdiction and authority to make special findings of fact similar to those contemplated by 8 U.S.C. § 1101(a)(27)(J) (2018).
6. **Child Custody: Words and Phrases.** "Child custody proceeding" is defined under Neb. Rev. Stat. § 43-1227(4) (Reissue 2016) as a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue and includes a proceeding for divorce in which the issue of custody or visitation may appear.
7. **Appeal and Error.** An appellate court will not consider an issue on appeal that was not passed upon by the trial court.

Appeal from the District Court for Douglas County: Duane C. Dougherty, Judge. Reversed and remanded for further proceedings.

- 970 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

William P. Crawford, of Kendall Law Office, P.C., L.L.O., for appellant.

No appearance for appellee.

Pirtle, Riedmann, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Maura Alonzo-Baltazar De Mateo (De Mateo) appeals the order of the district court for Douglas County which denied her request to make certain special findings related to her children's eligibility to apply for special immigrant juvenile (SIJ) status under 8 U.S.C. § 1101(a)(27)(J) (2018). As explained below, we reverse, and remand for further proceedings.

## BACKGROUND

On June 13, 2018, De Mateo filed a complaint for dissolution of her marriage to Mateo N. Mateo-Cristobal and an order awarding her custody of the parties' children. The complaint alleged that the parties had married in 2010 in Guatemala and that at the time of filing, De Mateo was living in Douglas County, Nebraska, and the whereabouts of Mateo-Cristobal were unknown. De Mateo sought to serve Mateo-Cristobal by publication and simultaneously filed an affidavit in support of her motion for service by publication. She also moved for an order of specific findings necessary to enable the minor children to petition for SIJ status.

De Mateo apparently served Mateo-Cristobal by publication, and the district court determined that service was proper. Mateo-Cristobal never filed a responsive pleading or otherwise participated in the proceeding. After holding a hearing at which De Mateo was the only witness to testify, the district court entered a decree on March 7, 2019, dissolving the parties' marriage and awarding custody of the children to De Mateo. On March 12, the court entered an order denying De Mateo's request for specific findings, because the children

- 971 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

had been awarded to a fit and proper parent, De Mateo, and were in no immediate danger. De Mateo timely appeals to this court.

## ASSIGNMENTS OF ERROR

De Mateo assigns that the district court erred in (1) applying the wrong standard to her request for findings regarding the minor children's eligibility for SIJ status and (2) failing to find that the minor children had been abused or abandoned by Mateo-Cristobal and that it was not in their best interests to be returned to Guatemala.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law. *In re Guardianship of Carlos D.*, 300 Neb. 646, 915 N.W.2d 581 (2018). We independently review questions of law decided by a lower court. *Id.*

## ANALYSIS

[2-4] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Mohr v. Mohr*, 22 Neb. App. 772, 859 N.W.2d 377 (2015). This is true irrespective of whether the issue of jurisdiction was raised or considered by the district court. *Id.* Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012).

In *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019), the trial court found that service by publication was improper under Neb. Rev. Stat. § 25-520.01 (Reissue 2016) because the plaintiff failed to mail a copy of the published notice to the defendant's last known place of residence or file a postpublication affidavit required by the statute. On appeal, the Nebraska Supreme Court agreed that because the plaintiff failed to comply with § 25-520.01, her constructive service

- 972 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

was improper and the trial court lacked personal jurisdiction over the defendant.

In the present case, De Mateo attempted to effect service by publication. Our record does not include evidence that she mailed a copy of the published notice to Mateo-Cristobal's last known place of residence or filed a postpublication affidavit required by § 25-520.01; however, at the conclusion of the hearing before the district court, the court found that Mateo-Cristobal had been properly served. Unlike in *Francisco v. Gonzalez, supra*, where the trial court had the complete record before it and could ascertain that the affidavits required by § 25-520.01 had not been filed, our record contains only select portions of the transcript. In other words, whether De Mateo complied with the service by publication requirements is not apparent from our record; likewise, any failure to comply is also not plainly evident from the record. Thus, we cannot find plain error regarding service or the district court's exercise of jurisdiction. As such, we turn to the merits of the appeal.

De Mateo argues that the district court erred in denying her motion for specific findings such that her children could apply for SIJ status. We agree to the extent that the court should have either made the special findings she requested if there was sufficient evidence to do so or found that the evidence was insufficient to make the special findings. We express no opinion as to whether De Mateo presented sufficient evidence to satisfy the applicable statutory requirements for special findings related to SIJ status.

SIJ status allows a juvenile immigrant to remain in the United States and apply for lawful permanent resident status. *In re Guardianship of Luis J.*, 300 Neb. 659, 915 N.W.2d 589 (2018). Obtaining the special findings is the first step in the process to achieve SIJ status. *Id*. In pertinent part, 8 U.S.C. § 1101(a)(27)(J) provides that a "special immigrant" is

an immigrant who is present in the United States—

(i) who has been declared dependent on a juvenile court located in the United States or whom such a court

- 973 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

   (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

   (iii) in whose case the Secretary of Homeland Security consents to the grant of [SIJ] status[.]

In order to achieve SIJ status, the individual whose custody has been determined must also obtain the judicial determinations listed above from a "juvenile court," as that term is used in the federal provisions. See *In re Guardianship of Carlos D.*, 300 Neb. 646, 915 N.W.2d 581 (2018). Under 8 C.F.R. § 204.11(a) (2019), the term "juvenile court" means "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles."

[5] The Nebraska Legislature amended Neb. Rev. Stat. § 43-1238(b) (Reissue 2016) in 2018 Neb. Laws, L.B. 670, to clarify that courts with jurisdiction over initial child custody determinations under § 43-1238(a) (Cum. Supp. 2018) also have "jurisdiction and authority" to make special findings of fact similar to those contemplated by 8 U.S.C. § 1101(a)(27)(J). See *In re Guardianship of Carlos D., supra*. Section 43-1238(a) generally deals with child custody determinations which are appropriately raised in a court in Nebraska, and § 43-1238(b) lists the factual findings which can be made by a Nebraska state court with such initial child custody determination authority and the circumstances under which such courts must make such findings. See *In re Guardianship of*

- 974 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

*Carlos D., supra*. Thus, if the district court in the present case had jurisdiction to make an initial child custody determination, it also had jurisdiction and authority to make the special findings of fact requested by De Mateo.

[6] "Child custody proceeding" is defined under Neb. Rev. Stat. § 43-1227(4) (Reissue 2016) as "a proceeding in which legal custody, physical custody, or visitation with respect to a child is an issue." The term "[c]hild custody proceeding" includes a proceeding for divorce in which the issue of custody or visitation may appear. *Id*. Under § 43-1238(a), a Nebraska court has jurisdiction to make an initial child custody determination if Nebraska is the home state of the child on the date of the commencement of the proceeding. "Home state" is defined as "the state in which a child lived with a parent or person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." § 43-1227(7). Here, De Mateo filed the complaint in June 2018, and the complaint alleged that she and the children had resided in Nebraska since January 2016. Thus, Nebraska qualifies as the home state of the children, and the district court had jurisdiction to make an initial child custody determination.

Section 43-1238(b) states:

(b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state. In addition to having jurisdiction to make judicial determinations about the custody and care of the child, a court of this state with exclusive jurisdiction under subsection (a) of this section has jurisdiction and authority to make factual findings regarding (1) the abuse, abandonment, or neglect of the child, (2) the nonviability of reunification with at least one of the child's parents due to such abuse, abandonment, neglect, or a similar basis under state law, and (3) whether it would be in the best interests of such child to be removed from the United States to a foreign country,

- 975 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

including the child's country of origin or last habitual residence. If there is sufficient evidence to support such factual findings, the court shall issue an order containing such findings when requested by one of the parties or upon the court's own motion.

Section 43-1238(b) provides that when requested by one of the parties or upon the court's own motion, such a court "shall issue" an order containing the enumerated findings where there is sufficient evidence. See *In re Guardianship of Carlos D.*, 300 Neb. 646, 915 N.W.2d 581 (2018). In other words, the court shall either make the special findings requested or find that the evidence is insufficient to make the enumerated findings.

In the present case, the district court made an initial child custody determination when it awarded custody of the children to De Mateo. It then, however, denied her motion for specific findings, concluding that "the minor children were awarded to a fit and proper parent, that being [De Mateo,] and are in no immediate danger." This is not a basis for denying a motion for factual findings under § 43-1238(b).

Section 43-1238(b) requires a court to make factual findings related to the abuse, abandonment, or neglect of a child; the nonviability of reunification with at least one of the child's parents due to abuse, abandonment, or neglect; and whether it would be in the child's best interests to be removed from the United States, if requested by a party to do so and sufficient evidence is present to allow a court to make such findings. De Mateo presented evidence related to each of these factual findings at the hearing. The district court, therefore, was required to issue an order making factual findings as to each of the three elements if the evidence was sufficient or to conclude that the evidence was insufficient to support making such findings. Because the court denied the request for specific findings for a reason other than insufficiency of the evidence, we reverse the March 12, 2019, order and remand the cause for further proceedings.

- 976 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
DE MATEO v. MATEO-CRISTOBAL
Cite as 27 Neb. App. 969

[7] De Mateo also argues that the evidence was sufficient to support findings that Mateo-Cristobal had abused and abandoned the minor children, that the children's reunification with him is nonviable due to this abuse and abandonment, and that it is not in the minor children's best interests to be returned to Guatemala. However, by denying De Mateo's motion for specific findings, the district court did not address these issues. We therefore decline to address the merits of De Mateo's motion. An appellate court will not consider an issue on appeal that was not passed upon by the trial court. *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006).

## CONCLUSION

The district court had jurisdiction under § 43-1238(a) to make an initial child custody determination, and therefore, it also had the authority under § 43-1238(b) to make factual findings regarding the enumerated items where the evidence is sufficient and where the court had been requested to do so. Because the court failed to do so, we reverse the March 12, 2019, order and remand the cause for further proceedings consistent with this opinion based on the existing record.

Reversed and remanded for
further proceedings.