IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

LOPEZ V. JORGE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PATRICIA BELLO LOPEZ, APPELLANT,

V.

GUILLERMO CHILAPA JORGE, APPELLEE.

Filed June 4, 2024.    No. A-23-815.

Appeal from the District Court for Platte County: JASON M. BERGEVIN, Judge. Affirmed.

Neal J. Valorz, of Sipple, Hansen, Emerson, Schumacher, Klutman & Valorz, L.L.C., for appellant.

David V. Chipman, of Monzon, Guerra & Chipman, for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Patricia Bello Lopez appeals from the Platte County District Court's order vacating its prior dissolution decree and dismissing her complaint for dissolution of marriage against Guillermo Chilapa Jorge. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

The parties were married in June 2004 in Mexico and had three children during the course of the marriage. Only one child: Giselle Chilapa Bello, born in 2008, remains a minor child and is affected by the dissolution proceedings.

On July 22, 2022, Patricia filed a complaint for dissolution alleging that that Guillermo's "whereabouts . . . are unknown; that to [Patricia's] knowledge and belief, [Guillermo] resides in Mexico," and that their marriage was irretrievably broken. She requested that the court dissolve

- 1 -

the parties' marriage, grant her sole legal and physical custody of Giselle, award child support, equitably divide the parties' marital property, and for such other relief as the court determined was equitable.

That same day, Patricia filed a motion for application for service by publication because she was unable to ascertain Guillermo's whereabouts. In the accompanying affidavit, Patricia's counsel indicated that Patricia had obtained a domestic abuse protection order in August 2017 which resulted in Guillermo's deportation to Mexico the following month. Counsel alleged "[t]hat after diligent investigation and inquiry, [Patricia] is unable to ascertain and does not know the whereabouts, if in this state, or the residence of [Guillermo]." The district court granted Patricia's motion for application for service by publication. Patricia subsequently filed proof of publication noting that she published notice of the complaint in the Columbus Telegram newspaper on July 29, August 5, and August 12, 2022. No other filings were made relating to the service by publication prior to the dissolution hearing.

The matter was set for hearing on December 8, 2022. Guillermo did not appear at the hearing. After finding that service was completed via publication, the court permitted Patricia to adduce evidence on her complaint for dissolution. Based on that evidence, the district court entered a dissolution decree finding that the parties' marriage was irretrievably broken; awarding sole legal and physical custody of the parties' minor child to Patricia, with no parenting time awarded to Guillermo; ordering Guillermo to pay child support in the amount of $656 per month; and dividing the parties' marital property and debts. The following day, the district court modified the decree to vacate the provision relating to child support due to the court lacking personal jurisdiction over Guillermo because service was effected via publication.

On May 19, 2023, approximately 5 months after the entry of the dissolution decree, Guillermo filed a motion to vacate and/or set aside the district court's decree of dissolution pursuant to Neb. Rev. Stat. § 25-2001 (Cum. Supp. 2022). In his motion, Guillermo alleged, among other things, that Patricia was aware of his location in Mexico at the time she filed the complaint for dissolution; that Patricia did not make reasonable attempts to contact him in order to notify him of the proceedings; that the lack of service and division of the marital property violated the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters; that he was never properly served and that the service by publication failed to comply with Neb. Rev. Stat. § 25-520.01 (Cum. Supp. 2022); that the property division was grossly inequitable; and that the decree violated his parental rights when it awarded him no parenting time. Patricia objected to the motion and asserted that proper notice of the proceedings was published and the dissolution decree had been properly entered.

A hearing on the motion to vacate and/or set aside was held in July 2023. During the hearing, the court received briefs from the parties. Additionally, the court received an affidavit drafted by Patricia in opposition to Guillermo's motion to vacate and/or set aside the decree of dissolution. In her affidavit, Patricia asserted that "I have not [had] contact with [Guillermo] since the protection order was entered"; that "it is my understanding and belief that [Guillermo] was deported to Mexico after his conviction"; that she reached out to her son who was in contact with Guillermo, and her cousin who resides in Mexico, and was unable to determine Guillermo's address; and that throughout the proceedings, she did not know where Guillermo was located or

where he worked and that "I had exhausted all of my resources for locating [Guillermo] to obtain personal service."

In September 2023, the district court granted Guillermo's motion to vacate and/or set aside the decree of dissolution, vacated the December 2022 dissolution decree as modified, and dismissed Patricia's complaint for dissolution of marriage. Specifically, the court found:

> If Guillermo's last known address was unknown, section 25-520.01(2) required Patricia or her attorney to file an affidavit stating that she and her attorney do not know Guillermo's post office address and were unable to ascertain it after diligent investigation and inquiry.

> The record does not establish that Patricia or her attorney mailed Guillermo a copy of the published notice at his last known address pursuant to section 25-520.01(1). The record also does not establish that Patricia or her attorney filed an affidavit with the information required by section 25-520.01(2). The affidavit that [Patricia's counsel] submitted on July 22, 2022, in support of Patricia's application for service by publication does not satisfy section 25-520.01. See *Francisco v. De Leon Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019).

> The Nebraska Supreme Court has explained that "[p]roper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. Where a party serves by publication but fails to comply with § 25-520.01, the district court lacks personal jurisdiction over the defendant. A judgment entered without personal jurisdiction is void." *Francisco*, 301 Neb. at 1048-49, 921 N.W.2d at 353 (citations omitted). The Court's December 8, 2022, Decree, as amended on December 9, 2022, is void and must be vacated. The Court has authority under its equity jurisdiction to vacate the Decree after the end of term pursuant to Neb. Rev. Stat. § 25-2001(l)(2) (Cum. Supp. 2020) because Guillermo's motion was filed on May 19, 2023. This was within six months after the Decree was entered on December 8, 2022.

> The statutory requirements for service by publication were not satisfied within one hundred eighty days of the filing of the Complaint for Dissolution of Marriage on July 22, 2022, as required by Neb. Rev. Stat. § 25-217(2) (Cum. Supp. 2020). That statute applies to dissolution proceedings. See *Mohr v. Mohr*, 22 Neb. App. 772, 775, 859 N.W.2d 377, 380 (2015). As a result, this action against Jorge was dismissed on January 18, 2023, without prejudice by operation of law pursuant to section 25-217(3).

Patricia has now timely appealed from the district court's order vacating its previously entered dissolution decree and dismissing her complaint for dissolution of marriage.

## ASSIGNMENTS OF ERROR

Patricia assigns that the district court erred in vacating the December 2022 dissolution decree as modified and in dismissing her complaint for dissolution of marriage.

## STANDARD OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019).

An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *Whitesides v. Whitesides*, 290 Neb. 116, 858 N.W.2d 858 (2015). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id*.

ANALYSIS

GROUNDS TO VACATE

Patricia first assigns that the district court erred in vacating its prior decree on the basis that she failed to comply with § 25-520.01. She argues that the evidence was indisputable that there was no last known address for Guillermo as she had not had contact with him since he was deported in September 2017; that her affidavit in support of her motion for service by publication specifically provided "[t]hat after diligent investigation and inquiry, [Patricia] is unable to ascertain and does not know the whereabouts, if in this state, or the residence of [Guillermo]"; and that the actual investigation/inquiry methods and attempts completed are not required to be stated in the affidavit, but that the affidavit she submitted at the July 2023 hearing in opposition to Guillermo's motion to vacate and/or set aside provided those methods, and therefore she provided information in excess of what is statutorily required.

Proper service, or a waiver by voluntary appearance, is necessary to acquire personal jurisdiction over a defendant. *Francisco v. Gonzalez, supra*. Where a party serves by publication but fails to comply with § 25-520.01, the district court lacks personal jurisdiction over the defendant. *Francisco v. Gonzalez, supra*. A judgment entered without personal jurisdiction is void. *Id*.

Service by publication, while constitutionally permitted in some circumstances, is a poor bet to provide actual notice to a party of an action that affects his or her rights. *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019). After the U.S. Supreme Court recognized in *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 315, 70 S. Ct. 652, 94 L. Ed. 865 (1950), that publication was unlikely to provide actual notice, in 1957, the Nebraska Legislature enacted § 25-520.01 which required a party providing notice by publication to take steps beyond publication. See *id*.

The current version of Neb. Rev. Stat. § 25-520.01 (Cum. Supp. 2022) provides, in pertinent part:

(1) Except as provided in subsection (3) of this section, in any action or proceeding of any kind or nature, as defined in section 25-520.02, where a notice by publication is given as authorized by law, a party instituting or maintaining the action or proceeding with respect to notice or such party's attorney shall within five days after the first publication of notice send by United States mail a copy of such published notice or, if applicable, the notice described in subsection (4) of this section, to each and every party appearing to have a direct legal interest in such action or proceeding whose name and post office address are known to such party or attorney.

(2) Proof by affidavit of the mailing of such notice shall be made by the party or such party's attorney and shall be filed with the officer with whom filings are required to be made in such action or proceeding within ten days after mailing of such notice. Such

affidavit of mailing of notice shall further be required to state that such party and such party's attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address of any other party appearing to have a direct legal interest in such action or proceeding other than those to whom notice has been mailed in writing.

Here, the district court found the record did not establish that Patricia or her attorney mailed Guillermo a copy of the published notice at his last known address pursuant to § 25-520.01(1) or filed an affidavit with the information required by § 25-520.01(2). The district court specifically found that the affidavit submitted by counsel in support of Patricia's application for service by publication failed to satisfy § 25-520.01. Patricia argues that the district court erred in vacating its prior decree on the basis that she failed to comply with § 25-520.01 because she did not know Guillermo's last known address. She further argues that, when considering the affidavit accompanying her motion to serve via publication and the affidavit she submitted at the July 2023 hearing, titled affidavit of plaintiff in opposition to defendant's motion to vacate/set aside, she clearly met the requirements under § 25-520.01.

However, in *Francisco v. Gonzalez*, 301 Neb. 1045, 921 N.W.2d 350 (2019), the Nebraska Supreme Court addressed a similar claim wherein the appellant argued that she was unaware of the appellee's last known address and that her affidavit accompanying her motion to serve via publication satisfied the statutory requirements. We quote extensively from that opinion as we find the Court's language is dispositive of this case. The Nebraska Supreme Court stated:

Despite not sending notice to [appellee's] last known address, [appellant] argues that the district court erred by concluding that she failed to comply with § 25-520.01. [Appellant] contends that because she did not know [appellee's] whereabouts at the time of publication, she was not required to mail a copy of the published notice. Section 25-520.01 contemplates that there may be situations in which the location of parties having an interest in a proceeding is not known. In such cases, however, under § 25-520.01, the party relying on service by publication must file an affidavit stating that "such party and his attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address" of any parties having an interest who were not mailed a copy of the published notice.

[Appellant] argues that she filed an affidavit that excuses her from not mailing a copy of the published notice to [appellee] and satisfies § 25-520.01. The affidavit [appellant] points to is the affidavit she filed in support of her motion to serve by publication. As noted above, the affidavit stated only that she had not had contact with [appellee] in nearly 2 years, that she did not know any friends or family who knew his whereabouts, and that she did not know of any other way to locate him. Even though § 25-520.01 seems to require the filing of a separate affidavit after publication, [appellant] argues that her affidavit filed beforehand contains the content required by § 25-520.01 and that she should thus not be required to file an additional affidavit after publication.

Even if we were to assume that an affidavit filed in support of a motion to serve by publication could satisfy § 25-520.01, we find that [appellant's] affidavit does not do so for a number of reasons. Section 25-520.01 requires that the affidavit state that both the party and her attorney were unable to ascertain the address after "diligent investigation and

- 5 -

inquiry." [Appellant's] affidavit makes no reference at all to [appellant's] attorney, let alone to diligent efforts her attorney conducted to attempt to locate [appellee].

Neither does the affidavit refer to any investigation or inquiry of [appellee's] whereabouts undertaken by [appellant]. It simply states that she does not know where he is or how to locate him. [Appellant] contends this is sufficient, apparently taking the position that there was nothing she could possibly do to locate [appellee]. As noted above, however, [appellant] knew where Sergio lived prior to her departure from Guatemala. Because [appellant's] affidavit provides no indication that she or her attorney attempted to determine whether [appellee] still lived where [appellant] once knew him to live, we cannot say she demonstrated a reasonably diligent investigation and inquiry. See *In re Interest of A.W.*, 224 Neb. 764, 768, 401 N.W.2d 477, 480 (1987) ("a search which makes no effort to determine where the subject of the search was last known to be and which makes no effort to check whether the subject is still there cannot be considered reasonably diligent").

Compliance with § 25-520.01 would not have guaranteed that [appellee] would receive actual notice of this proceeding. [Appellee] may no longer live at the same address. A diligent search to locate him may have proved fruitless. Even so, in § 25-520.01, the Legislature required that a person seeking to accomplish service by publication take measures in addition to publication in an attempt to provide actual notice. Because [appellant] failed to comply with § 25-520.01, her constructive service was improper and the district court lacked personal jurisdiction over [appellee].

Here, neither party disputes that Guillermo has a direct legal interest in the proceedings, and because Guillermo has such an interest, § 25-520.01 required that Patricia mail a copy of the published notice to Guillermo's last known address. And because the statute recognizes that circumstances exist that would make it difficult to determine a party's last known address, the statute provides an alternate course requiring that the party file an affidavit indicating that "such party and such party's attorney, after diligent investigation and inquiry, were unable to ascertain and do not know the post office address" of any party appearing to have a direct legal interest in the action or proceeding apart from those whose notice has been mailed.

Despite the clear language of § 25-520.01 requiring the filing of a new separate affidavit after publication, Patricia failed to file one. Instead, she argues that the previous affidavit in support of her motion to serve by publication, when read together with her affidavit in opposition to Guillermo's motion to vacate and/or set aside the decree drafted almost a year later, establishes compliance with § 25-520.01. We disagree.

First, Patricia's affidavit in support of service by publication provided that "upon information and belief, [Guillermo] was deported to Mexico in September 2017," and that "after diligent investigation and inquiry, [Patricia] is unable to ascertain and does not know the whereabouts, if in this state, or the residence of [Guillermo]." The affidavit makes no reference to Patricia's attorney or the attorney's diligent efforts.

Second, the affidavit Patricia filed in opposition to Guillermo's motion to vacate was filed after the 10-day time period after publication and therefore does not comply with the statutory requirements for service by publication. Therefore, because Patricia failed to comply with

- 6 -

§ 25-520.01, service upon Guillermo was improper, resulting in the district court lacking personal jurisdiction over him.

Accordingly, we find that the district court did not err in vacating the dissolution decree as void for lack of personal jurisdiction. See *Capital One Bank v. Lehmann*, 23 Neb. App. 292, 869 N.W.2d 917 (2015) (every court possesses inherent power to vacate void judgment, either during the term at which it was rendered or after its expiration and court may at any time clear its records of unauthorized and illegal entries therein). This assignment fails.

### DISMISSAL OF COMPLAINT

Patricia next contends that the district court erred in dismissing her complaint for dissolution as opposed to granting leave for Guillermo to file a responsive pleading to the original complaint and leaving the action open and pending.

Neb. Rev. Stat. § 25-217 (Cum. Supp. 2022) provides:

(1) An action is commenced on the day the complaint is filed with the court.

(2) Each defendant in the action must be properly served within one hundred eighty days of the commencement of the action. If the action is stayed or enjoined during the one-hundred-eighty-day period, then any defendant who was not properly served before the action was stayed or enjoined must be properly served within ninety days after the stay or injunction is terminated or modified so as to allow the action to proceed.

(3) If any defendant is not properly served within the time specified by subsection (2) of this section then the action against that defendant is dismissed by operation of law. The dismissal is without prejudice and becomes effective on the day after the time for service expires.

The Nebraska Supreme Court stated in Childs v. Frakes, 312 Neb. 925, 929-30, 981 N.W.2d 598, 603 (2022):

We have often explained that "§ 25-217 is self-executing, so that an action is dismissed by operation of law, without any action by either the defendant or the court, as to any defendant who is named in the [civil] action and not served with process within the time set forth in the statute." After dismissal of a civil action by operation of law under § 25-217, there is no longer an action pending and the district court has no jurisdiction to make any further orders except to formalize the dismissal.

Quoting *Carrizales v. Creighton St. Joseph*, 312 Neb. 296, 979 N.W.2d 81 (2022).

Here, Patricia commenced the action on July 22, 2022, and had 180 days in which to perfect service on Guillermo. At the time of Guillermo's motion to vacate and/or set aside the dissolution decree on May 19, 2023, more than 180 days had passed and Guillermo had not been properly served. Because Patricia failed to comply with the statutory procedures for service by publication, she failed to timely effect service on Guillermo. Further, because the language of § 25-217 providing for dismissal of unserved petitions is self-executing and mandatory, and more than 180 days had passed since the commencement of the action, we find that the district court did not err in dismissing Patricia's complaint.

## CONCLUSION

For the reasons stated above, we affirm.

AFFIRMED.